# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

ISAAK SOMERSHEIN,                      )
                                       )
    Plaintiff-Below/Appellant,         )
                                       )
          v.                      )    C.A. No. CPU4-16-001996
                                       )
HOME DEPOT and                         )
BOUCHELLE BUILDERS,                    )
                                       )
    Defendants-Below/Appellees.        )
                                       )

Submitted: November 18, 2016
Decided: December 13, 2016

Thomas Marconi, Esq.
Geena Khomenko George, Esq.
Losco & Marconi, P.A.
1813 North Franklin Street
P.O. Box 1677
Wilmington, DE 19899
   *Attorneys for Appellant*

Robert D. Cecil, Esq.
Tybout, Redfearn, & Pell
750 Shipyard Drive
Suite 400
Wilmington, DE 19899
   *Attorney for Appellee Home Depot*

## DECISION ON MOTION TO DISMISS

**SMALLS, C.J.**

This is a Motion to Dismiss an Appeal for violation of the Mirror Image Rule. The underlying matter is a dispute between Isaak Somershein ("Somershein") against Appellees Home Depot ("Home Depot") and Bouchelle Builders ("Bouchelle"). Following dismissal from the Justice of the Peace Court 13, Somershein appealed to this Court. Home Depot filed the instant Motion to Dismiss, alleging the Appeal violates the Mirror Image Rule. A hearing on the Motion was convened on November 18, 2016. At the conclusion of the hearing, the Court reserved decision.

## FACTS AND PROCEDURAL HISTORY

On April 7, 2016, Somershein initiated an action in Justice of the Peace Court 13, naming Home Depot and Bouchelle as defendants. The Complaint was as follows: "Jan 27th put in standup shower done wrong has to be redone $6,000 damage to dining room wood floor 9000." Notably, Somershein did not check a box for what type of action he was bringing. In his Bill of Particulars, Someshein stated, *inter alia*, that he needed "copies of Bouchelle Builders license and how he was vetted[.]"

A trial was held at the Justice of the Peace Court on July 20, 2016, with the Court entering a directed verdict in favor of Home Depot and Bouchelle. According to the Court's Order, Somershein "established he received the name of Bouchelle Builders from Home Depot and he contracted with Defendant Bouchelle Builders to have a shower installed in his home." However, because Somershein was unable to produce evidence regarding who caused the damage and what the cost of repairs would be, the Court found in favor of Home Depot and Bouchelle.

2

On July 29, 2016, Somershein timely filed an Appeal with this Court. According to the Complaint on Appeal, Somershein entered into a contract with Bouchelle for the installation of a standup shower stall. Somershein also alleges he was referred to Bouchelle by Home Depot; Somershein contends he had never before heard of Bouchelle and would not have hired Bouchelle but for the referral. The Complaint concludes by alleging Bouchelle breached the Contract.

On October 31, 2016, Home Depot filed the instant Motion to Dismiss, alleging the Complaint on Appeal violates the Mirror Image Rule. Specifically, Home Depot argues the underlying action was solely for breach of contract, and that Somershein is now attempting to introduce a cause of action against Home Depot for "negligent referral." Home Depot argues this constitutes an additional claim, in violation of the Mirror Image Rule, and therefore the Appeal must be dismissed. Home Depot further argues that, even if this Court were to allow the appeal to proceed, Somershein has failed to plead negligence with particularity and has failed to state a claim.

On November 11, 2016, Somershein responded to the Motion, arguing the Justice of the Peace Complaint was initiated and drafted by Somershein, acting *pro se*, and that it was merely Somershein's lack of legal acumen that resulted in the unartful wording of the Complaint. After the Justice of the Peace action was decided against Somershein, Somershein obtained counsel, and it was counsel who merely corrected the formulation of the allegations. Somershein contends that the underlying claim against Home Depot is, and always was, one sounding in common law negligence, rather than breach of contract or negligent referral. It is Somershein's position that he should not be punished for his lack of

3

legal expertise. Somershein also requests leave to amend the Complaint on Appeal if necessary.

## DISCUSSION

Delaware law is well settled on the matter of the Mirror Image Rule. "[T]he prime tenet of the venerable 'mirror image rule' is that it is a rule of jurisdiction, and not of procedure . . . [and is] . . . satisfied if the complaint on appeal presents no parties or issues other than those presented by the original complaint below."[1] Furthermore,

> With respect to raising identical issues, Delaware courts have provided that "when the complaint on appeal sets forth more specifically the causes of action that were raised below but does not alter the subject matter of the case below, there is no mirror image violation." . . . "Generally, so long as the requested remedy does not change the nature of the claim asserted below, there is no mirror image violation." Further, courts have found that the complaint on appeal cannot "expand the issues raised in the original complaint," however, it may "state the original issues with more legal clarity and specificity."[2]

Concerning the method of determining whether a violation of the Mirror Image Rule has occurred,

> It should be noted that the plain language *CCP Civ. R.* 72.3(f) does not contain any language that strictly limits the Court to only consider the pleadings when analyzing a mirror image rule claim. . . . Historically, this Court has determined whether a party has complied with the mirror image rule and Rule 72.3(f) by comparing the complaint in the court below with the complaint on appeal. . . . Thus, the determination of issues that were *before the court below* should take into account more than simply the complaint below.[3]

---

[1] *Silverview Farm, Inc. v. Laushey*, 2006 WL 1112911, *4 (Del. Com. Pl. Apr. 26, 2006).
[2] *Main Street Court, LLC v. Kiernan*, 2015 WL 4041171, at *4 (Del. Com. Pl. Jul. 2, 2015) (internal citations omitted).
[3] *Id.* at 7.

In the case *sub judice*, the Complaint in the Justice of the Peace Court was skeletal at best. Accordingly, I find the Bill of Particulars and the written Order from the Justice of the Peace Court to be instructive in determining the nature of the issues raised in the Court below. While the Order is itself succinct, it does state that Somershein established a referral by Home Depot and a contract with Bouchelle. Likewise, Somershein's Bill of Particulars references an issue of how Home Depot vetted Bouchelle. These issues, if properly explored and presented at trial, could provide a basis for establishing negligence.

Until filing the instant Appeal, Somershein was self-represented. While *pro se* litigants are expected to comply with the Rules of Court, they are not lawyers, and they are not held to the same standards of artful construction of pleadings. This Court is permitted to look beyond the bare language of the Complaint and into the subject matter. Having done so, I find the Justice of the Peace action involved a colorable claim for common law negligence against Home Depot, and that it was only Somershein's legal inexperience that created any ambiguity of the nature of the claim. Accordingly, Somershein's refinement of his claim in the Complaint on Appeal does not violate the Mirror Image Rule. The allegations in the Complaint on Appeal merely set forth the same issues with additional clarity.

In considering motions to dismiss filed pursuant to CCP Civil Rule 12(b)(6), the Court must assume that all well-pleaded facts in the complaint are true.[4] The complaint should not be dismissed unless "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof." I find that Somershein has adequately stated a claim under the standards of Rule 12(b)(6). I also find Somershein

---

[4] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).

5

has pled negligence with sufficient particularity to meet the standards of Rule 9(b).[5] However, because Home Depot has expressed some confusion over the precise details of the allegations, Somershein shall within twenty (20) days hereof submit any amendments to the Complaint.[6]

## CONCLUSION

For all the foregoing reasons, Appellee Home Depot's Motion to Dismiss is hereby **DENIED**. Appellant Somershein may amend the Complaint on Appeal subject to the Rules of this Court.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

---

[5] "In requiring a plaintiff to plead with particularity, Rule 9(b) operates to: (1) provide defendants with enough notice to prepare a defense; (2) prevent plaintiffs from using complaints as fishing expeditions to unearth wrongs about which they had no prior knowledge; and (3) preserve a defendant's reputation and goodwill against baseless claims." _Rahaman v. J.C. Penney Corp., Inc._, 2016 WL 2616375, at *2 (Del. Super. May 4, 2016) (internal citations omitted).

[6] Because of Delaware's strong policy for adjudicating matters on the merits, and absent a showing of actual prejudice, I do not find it appropriate to dismiss the appeal, and instead find it reasonable to allow Somershein to amend.